UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSUE MORALES**<br>  *Plaintiff,* | § § § | |
| **v.** | § § | CIVIL ACTION NO.5:19-CV-00305 |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, JARED STOCK and DONNIE CARR**<br>  *Defendants.* | § § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") hereby removes this lawsuit pursuant to 28 U.S.C. §§ 1332 and 1441, and would respectfully show the Court as follows:

### I.
#### BACKGROUND

1. On April 11, 2018 Plaintiff filed his Original Petition in the 288th Judicial District Court of Bexar County, Texas, Cause Number 2018-CI-06654, styled *Josue Morales v. Allstate Fire and Casualty Insurance Company, Jared Stock and Donnie Carr*. *See* Exhibit A (Plaintiff's Original Petition).

2. Plaintiff's lawsuit against Allstate, Jared Stock ("Stock") and Donnie Carr ("Carr") arises from property damage to his home alleged to be caused by a wind and hail storm occurring on April 25, 2016. *Id.,* p. 3.

3. Plaintiff affirmatively pleads for relief "over $200,000 but not more than $1,000,000." *Id.,* p. 2.

4.   Plaintiff served Allstate with Plaintiff's Original Petition on April 30, 2018, by certified mail on its registered agent. *See* Exhibit B (Service Transmittal Sheet).

5.   Defendants Stock and Carr have yet to be served with process.

6.   As against Allstate, Plaintiff asserts causes of action for breach of contract, and violations of the Texas Insurance Code. *See* Exhibit A, pp. 14-18.

7.   As against Stock, Plaintiff asserts causes of action for violations of the Texas Insurance Code, and the Deceptive Trade Practices Act ("DTPA"). *Id.,* pp. 8-10.

8.   As against Carr, Plaintiff asserts causes of action for violations of the Texas Insurance Code, and the Deceptive Trade Practices Act ("DTPA"). Id., pp 11-14.

9.   Defendant Allstate did not file an answer in State Court.

10.  The State Court's Record Search including Case History for this matter is attached herein. *See* Exhibit C.

11.  On May 21, 2018 Defendant filed its Notice of Removal under Civil Action No. 5:18-CV-483. [Dkt. 1].

12.  On May 22, 2018 the case was assigned to U.S. Magistrate Judge Richard B. Farrer for all Pre-Trial Matters by U.S. District Judge Fred Biery.

13.  On June 20, 2018, Plaintiff filed his Opposed Motion to Remand [Dkt. 2].

14.  On June 27, 2018, Defendant filed their Response to Plaintiff's Opposed Motion to Remand [Dkt. 3].

15.  On July 3, 2018 Plaintiff filed his Reply to Defendant's Response to Plaintiff's Opposed Motion to Remand. [Dkt. 4].

16.  On December 17, 2018 Magistrate Judge Farrer issued his Report and Recommendation of United States Magistrate Judge GRANTING Plaintiff's Motion to Remand. [Dkt 8].

17. On January 7, 2019, U.S. District Court Judge Fred Biery signed his Order Accepting Report and Recommendation of United states Magistrate Judge, and remanded the case to Bexar County District Court. [Dkt. 9].

18. On January 9, 2019 the Notice of Remand from U.S. District Clerk Jeannette J. Clack was filed with the Bexar County District Clerk. *See* Attached Exhibit D.

19. On January 10, 2019 the undersigned counsel for Defendant sent Plaintiff's counsel written Notice of Defendant Allstate's election of legal responsibility of Defendant's Jared Stock and Donnie Carr pursuant to §542A.006 of the Texas Insurance Code, and demanding that Plaintiff dismiss the suit(s) against Stock and Carr, WITH prejudice. *See* Exhibit E.

20. On February 5, 2019, Defendant Allstate filed its Motion to Dismiss Causes of Action with Prejudice Against Jared Stock and Donnie Carr After Election of Legal Responsibility Pursuant to Texas Insurance Code §542A.006. *See* Exhibit F.

21. On February 8, 2019 the undersigned filed its Notice Setting Hearing Date on its Motion to Dismiss Causes of Action with Prejudice Against Jared Stock and Donnie Carr After Election of Legal Responsibility Pursuant to Texas Insurance Code §542A.006, setting said hearing for March 1, 2019, and e-served Plaintiff's Counsel with said Notice. *See* Attached Exhibit G.

22. On March 1, 2019 the parties agreed to dismissal of the lawsuits against Jared Stock and Donnie Carr with prejudice.

23. On March 8, 2019 presiding Bexar County District Judge Angelica Jimenez signed an Agreed Order of Dismissal With Prejudice Pursuant to Texas Insurance Code §542A. *See* attached Exhibit H.

## II.
### GROUNDS FOR REMOVAL

24. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00. *See* Exhibit A, p. 2.

A. **Diversity in Citizenship**

25. Plaintiff, Josue Morales, is a natural person who resides in Bexar County, Texas. *See* Exhibit A, p. 1. Plaintiff has not pled any other facts of residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Defendant asserts that absent same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

26. As to Defendant Allstate, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Allstate is a foreign corporation incorporated under the laws of the state of Illinois and its principal place of business is in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062. Accordingly, Allstate is a citizen of Illinois.

B. **Amount in Controversy**

27. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition,

but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

28. Here, it is facially apparent from Plaintiff's petition that the claim exceeds $75,000.00. Specifically, Plaintiff's affirmatively states that "Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00." Exhibit A, p. 2.

29. Based on the foregoing, the amount in controversy exceeds $75,000.00.

### III.
### REMOVAL IS PROCEDURALLY PROPER

30. Removal is timely if it is filed within thirty (30) days of one of two possible triggering events: (a) service of the original Petition, or (b) on receipt of pleading or other paper that makes the suit removable.

31. This notice of removal is timely filed within thirty (30) after service upon Plaintiff of the Agreed Order of Dismissal with Prejudice Pursuant to Texas Insurance Code §542A. *See* 28 U.S.C. §1446(b)(3). As a result, the non-diverse party was dismissed from the case.

32. In its first Removal action Allstate maintained that the non-diverse adjuster had been improperly or fraudulently joined in the lawsuit in order to defeat diversity jurisdiction.

33. Plaintiffs argued, and the Magistrate Judge agreed that the case was (at that point) not removable because complete diversity did not exist. On December 17th, 2018 U.S. Magistrate Judge Farrer signed his Report and Recommendation of United States Magistrate Judge. [Dkt. 8]

34. On January 7, 2019 U.S. District Judge Fred Biery signed his Order stating that the Memorandum and Recommendation of the United States Magistrate Judge be accepted [Dkt. 9], and granted Plaintiff's Motion to Remand [Dkt. 2].

35. This Court has previously held that even when a Plaintiff asserts a viable claim against an insurance agent, an election of liability by the insurer for an agent's acts or omissions is

sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the Plaintiff might be able to recover against the agent. *Electro Grafix Corp. v. Acadis Ins. Co.,* No. SA-18-CA-589-XR (docket no. 19) (W.D. Tex. Aug. 14, 2018) (Rodriguez, J.).

36. "(T)he Texas Legislature's enactment of §542A.006 essentially rendered Plaintiffs unable (not merely unlikely) to succeed on their claims against (an agent for whom all causes of action have been dismissed)", *Flores v. Vehicle,* No. SA-18-CV-742-XR. (W.D. Tex. Oct. 31, 2018) at *5.

37. "(W)here such a dismissal occurs before removal, it is not appealable, and thus does not implicate the efficiency concerns of the voluntary-involuntary rule. *Id*.

38. This Court has found that a state court's dismissal after the invocation of §542A.006 of the Texas Insurance Code is tantamount to a finding of improper joinder. *Flores* at *5.

39. The Court in *Flores* based its decision on the fact that; "(1) it has previously found that a dismissal under §542A.006 is appropriately viewed as a dismissal for improper joinder and thus the state court's dismissal order is tantamount to a dismissal for improper joinder, (2) such a dismissal order in the state court is final and unappealable, and (3) Allstate timely removed regardless of whether a 30-day clock began to run from the receipt of initial pleadings or the state court's dismissal order." *Flores* at *5

40. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

41. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

42. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

## IV.
### ATTACHMENTS

43.   Pursuant to 28 U.S.C. § 1446(a), Defendant includes with its notice of removal the following attachments, which are incorporated herein by reference:

- Civil Action Cover Sheet
- Exhibit A:   Plaintiff's Original Petition
- Exhibit B:   Service of Process Transmittal Sheet
- Exhibit C:   State court docket sheet
- Exhibit D:   Notice of Remand from U.S. District Clerk
- Exhibit E:   Written Notice to Plaintiff of Election of Legal Responsibility
- Exhibit F:   Motion to Dismiss Causes of Action After Election of Legal Responsibility
- Exhibit G:   Notice Setting Hearing Date on Motion to Dismiss with Prejudice
- Exhibit H:   Executed Agreed Order of Dismissal with Prejudice Pursuant to Texas Insurance Code §542A
- Exhibit I:   Index of Matters Being Filed
- Exhibit J:   List of all counsel of record

WHEREFORE, Defendant Allstate Fire and Casualty Insurance Company requests that the Court accept jurisdiction over this case for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

**THIS SPACE PURPOSELY LEFT BLANK**

Respectfully submitted,

By: /s/ Robert E. Valdez
**Robert E. Valdez**
State Bar No.20428100
revaldez@valdeztrevino.com
Michael M. Machado
State Bar No. 12760475
mmachado@valdeztrevino.com

**VALDEZ & TREVIÑO
ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Texas Rules of Civil Procedure on March 25th, 2019 in the manners prescribed below:

Arguello Law Firm
1110 NASA Parkway, Suite #620
Houston, Texas 77058
Andres A. Arguello                              *via E-service*
*Counsel for Plaintiff*


/s/ Michael M. Machado
**Michael M. Machado**